IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FRANCINE FRIEDMAN,                          *
                                            *
        Plaintiff                           *
                                            *
v.                                          * Case Number: 4:10-CV-113-WTM-GRS
                                            *
GEORGIA DEPARTMENT OF                       *
BEHAVIORAL HEALTH AND                       *
DEVELOPMENTAL DISABILITIES,                 *
                                            *
        Defendant                           *

**JOINT PROPOSED PRETRIAL ORDER**

        The attorney for plaintiffs and attorney for defendant met in accordance with the Court's

January 18, 2013 Order and Notice of Pretrial Proceedings, on February 15, 2013 in Brunswick,

Georgia.  In attendance at the meeting were Gwendolyn Fortson Waring and G. Todd Carter.  The

meeting began at 10:30 a.m. and ended at 12:30 p.m., lasting a total of two (2) hours. The parties

discussed the contents of the proposed pretrial order in compliance with the order of the Court and

agreed as to their Joint Proposed Consolidated Pretrial Order, as follows:

        The proposed pretrial order shall <u>cover</u> the following subjects, numbered <u>serially</u> as

below:  (NOTE:  <u>IN PREPARING THE PROPOSED PRETRIAL ORDER, REPRODUCE

EACH NUMBERED ITEM AS A PREFACE TO THE MATERIAL SUBMITTED SETTING

FORTH THE MATERIAL SUBMITTED IMMEDIATELY THEREAFTER.  DO NOT USE

APPENDICES OR ATTACHMENTS EXCEPT WHERE SPECIFICALLY AUTHORIZED BY

THE COURT OR CALLED FOR HEREIN</u>).

        1.      Counsel are to discuss and agree on every possible factual stipulation.  The
stipulations must be reduced to writing, signed and filed with the consolidated proposed pretrial
order as ATTACHMENT "A" hereto. **Stipulations can spare witness testimony, trial time,
and expense.  If a party feels the other side is in bad faith refusing to stipulate, they shall
set forth "proposed stipulations" on ATTACHMENT "A." Costs of proving what, at trial,**

**was never really disputed and what should have been stipulated, may be taxed against the offending party and attorney.  Those costs may include witness fees and additional attorney preparation time costs.**

2.     As ATTACHMENT "B" to the proposed pretrial order, the parties may, but are not required to, submit questions which they desire the Court to propound to jurors concerning their legal qualifications to serve and any other questions they wish propounded for information purposes.  If the parties choose to submit general voir dire questions hereunder, they may submit the questions jointly as one attachment or separately as ATTACHMENTS "B-1" and "B-2".[1]

3.     State the names of all parties, firms and attorneys to be used in qualifying the jury. State the name of any insurance company involved, and whether it is a stock or mutual company. State the names of all counsel who are members of any firm involved on a contingent fee basis. At the pretrial conference, counsel may be required to disclose policy limits and details of any insurance coverage.

**Plaintiff:**

**Francine Friedman**

**Gwendolyn Fortson Waring**

**Defendant:**

**Georgia Department of Behavioral Health and Developmental Disabilities**

**Brown, Readdick, Bumgartner, Carter, Strickland & Watkins, LLP***

**G. Todd Carter**

**\*The following attorneys are members of Brown, Readdick, Bumgartner, Carter, Strickland & Watkins, LLP, but are not involved in the litigation of the present case:  Richard A. Brown, Jr., Terry L. Readick, John E. Bumgartner, Richard K. Strickland, Paul M. Scott, Steven G. Blackerby, Garret W. Meader, Eric L. Bumgartner and Emily R. Hancock.**

4.     Identify the basis upon which the jurisdiction of this Court is based and any questions relating to its jurisdiction.

---

[1] The Court will require that each juror stand and give personal background information (name, address, employment, spouse's employment, etc.) and such questions need not be included. The Court will propound questions concerning legal qualifications.

**Plaintiff:** This is a civil case in which Francine Friedman ("Plaintiff") is suing Georgia Regional Georgia Department of Behavioral Health and Developmental Disabilities ("Defendant") for retaliation discrimination under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S. C. §20004 *et seq.* The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S. C. §20004 *et seq.* §1983, §1988.

**The parties are not aware of any questions relating to jurisdiction of this Court in this case.**

5. List any motions or other matters in the case which remain unresolved. Any motion not so enumerated shall be deemed withdrawn by the moving party.

**The parties will file any desired evidentiary objections and Motions in Limine at least five days prior to the pretrial conference as directed in the Notice of Pretrial Proceedings.**

6. All discovery is to be completed pursuant to the Local Rules. The date of the conclusion of the discovery process and the expected completion of any untranscribed deposition shall be stated.

**Discovery was completed pursuant to the Local Rules on or before September 9, 2011. All depositions will be transcribed as soon as practicable.**

7. State whether the names of the parties in the above-captioned case(s) are complete and correct and whether there is any question of misjoinder or non-joinder.

**The parties believe that the names of the parties as they appear in the above-caption are complete and correct and that there are no questions of misjoinder or non-joinder.**

8. Outline of plaintiff(s)' case.

**NOTE:** **PLAINTIFF(S) SHOULD PAY PARTICULAR ATTENTION TO THIS PARAGRAPH. AT THE TRIAL, IT WILL BE USED BY THE COURT IN DIRECTING THE CASE AND INSTRUCTING THE JURY.**

Plaintiff(s) shall furnish a short, succinct, factual and narrative statement of the cause of action.  This statement should not be argumentative and should not recite evidence.  In no event shall the statement be more than one page.

**Plaintiff, Dr. Friedman alleges that Georgia Department of Behavioral Health and Developmental Disabilities violated Title VII of the Civil Rights Act of 1964, as amended, 1991, 42 U.S.C. §§ 1983, and 1988., when it demoted her and later terminated her employment after she complained of religious and ethnic slurs and when she complained that she was treated differently from similarly situated males. The demotion and termination were retaliatory in violation of Title VII.**

**Dr. Friedman was hired as Director of Admissions.  She was directed to increase doctor and staff productivity.   As a result, the doctors and staff began to use religious slurs to intimidate her. When Dr. Friedman reported the religious slurs, the management team retaliated against her and demoted her and reduced her salary.  Dr. Friedman reported that she was subjected to different terms and conditions than similarly situated male doctors. Because Dr. Friedman questioned the demotion and salary reduction as a response to her reporting the religious slurs, and because she questioned the more favorable employment conditions of similarly situated males, the Defendant's agents retaliated against her and terminated her employment based upon false reasons.**

**Francine Friedman seeks lost wages, (front and back pay) benefits and payment of her attorney's fees and costs, if a verdict is rendered in her favor.**

9.    Outline of defendant(s)' case.

**NOTE:**          **DEFENDANT(S) SHOULD PAY PARTICULAR ATTENTION TO THIS PARAGRAPH. AT THE TRIAL, IT WILL BE USED BY THE COURT IN DIRECTING THE CASE AND INSTRUCTING THE JURY.**

Defendant(s) shall:

(a)   Furnish a <u>short</u>, <u>succinct</u>, factual and narrative statement as to all defenses (general and special).  This statement should not be argumentative and should not recite evidence.  In no event shall the statement be more than one page.

**Francine Friedman is a Jewish female who was formerly employed by the Georgia Department of Behavioral Health and Developmental Disabilities ("DBHDD") as the Clinical Director at Georgia Regional Hospital in Savannah, Georgia.  Dr. Friedman was hired in November 2007 and served in the capacity of Clinical Director until September 2008 when she was voluntarily reassigned to Director of Admissions.  Plaintiff served as Director of Admissions until her termination on May 28, 2009.**

**In March of 2009, plaintiff requested a one-week paid leave of absence to attend the American Psychiatric Association Annual Conference in San Francisco, CA.  The conference took place in May of 2009.  Plaintiff submitted a filled out registration card with her request, which was approved by Dr. Donald Manning and Dr. Frank Shelp, the current Commissioner of the DBHDD.  However, plaintiff never registered for the conference even though she took the one week leave of absence to attend.  Plaintiff contends that she attended "some" of the courses presented.  It is undisputed that plaintiff did not receive any CLE credit for the conference, since she never properly registered.**

**According to Dr. Frank Shelp, attendance at an annual convention such as the American Psychiatric Association Annual Conference is a privilege for doctors.  Because the regional hospitals are required to maintain certain staffing levels, attendance at conferences are limited.  Those doctors who do request to attend a conference are paid their normal salary and are expected to return to the hospital and present information to the other physicians about what they learned at the conference.  It is undisputed that plaintiff failed to properly**

register for the conference and did not present any information to her colleagues, since she admittedly did not attend the full conference.

Because of her failure to attend the conference, plaintiff was terminated from her position with the Georgia Department of Behavioral Health and Developmental Disabilities on May 28, 2009.   Defendant denies that plaintiff's reassignment and termination were in retaliation for alleging discrimination based on her religion or gender, since the reassignment was voluntary and the employer had a legitimate non-discriminatory reason for terminating the plaintiff's employment.   Defendant continues to rely on the defenses set forth in its Answer to plaintiff's Complaint.

      (b)    In all actions involving a counterclaim, cross-claim, or third-party action, defendant(s) should summarize the matter, using the outline required as to the main claim.

10.    In all cases in which violation of the United States Constitution or a federal or state statute or regulation is alleged, the party making such claim shall specifically state the constitutional provision and/or statute allegedly violated and the specific facts on which such alleged violation is based.  The party shall detail the damage or relief sought pursuant to such claim and recite supporting authority.

Plaintiff alleges that Georgia Department of Behavioral Health and Developmental Disabilities, violated Title VII of the Civil Rights Act of  1964, as amended, 1991, 42 U.S.C. §2000e, *et seq.*; *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973); *Little v. United Tech*, 103 F.3d 956 (11th Cir. 1997), 42§ U.S.C. 1983 and 1988,  by retaliatory demotion  and termination of the Plaintiff.

11.    In tort cases, any party bearing a burden of proof shall list each and every act of negligence or intentional tort relied upon.

    (a)    Under a separate heading, state all relevant statutes, rules, regulations and ordinances allegedly violated.  Also, recite any supporting authority.

    (b)    List all items of damages claimed or non-monetary relief sought.

(c)     In all cases involving alleged permanent injuries or death, furnish a full statement as to the age, alleged life expectancy and/or probable duration of the injuries, and earnings, income tax records or other records to prove earnings.

**Not applicable.**

12.     In contract cases or any other action not addressed in paragraphs 10 or 11, any party having a burden of proof shall outline the particular alleged breach of contract or the basis of any other cause of action, enumerate any applicable statute involved, and detail the damages or relief sought and recite appropriate supporting authority.

**Not applicable.**

13.     If there is any dispute as to agency, state the contentions of the parties with respect to agency.

**There is no dispute as to agency.**

14.     State who has the burden of proof (including any affirmative defenses or special issues) and who has the opening and closing arguments to the jury.

**<u>Plaintiff</u>:     Plaintiff has the burden of proof and has the opening and closing arguments to the jury. Specifically, as outlined in *McDonnell Douglass Corp v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed. 2d 688 (1973) and further explained in *Dept. of Community Affairs v. Burdine*, 450 U.S. 218, 101 S.Ct. 1089, 67 L.Ed. 207 (1981), the allocation of burdens and order of presentation of proof are as follows: (1) Plaintiff has the burden of establishing a prima facie case of retaliation based upon engaging in protected activity. If Dr. Friedman establishes the prima facie case, the burden of going forward then shifts to the Defendant to articulate a legitimate, non-discriminatory reason for terminating her employment; and (3) if Defendant carries this burden, Dr. Friedman must establish that the reason or reasons offered by Defendant are either false or pretext for discrimination. Dr. Friedman has at all time, the burden of establishing retaliation by a preponderance of the evidence and may do so by showing that the reason or reasons given by are false, untrue or a pretext.**

**Plaintiff has the burden to establish a prima facie case of demotion and termination based upon retaliation. The burden then shifts to the Defendant to articulate a legitimate non-retaliatory reason for the challenged employment action. Then the burden moves back to the Plaintiff to show that the employer's proffered reason were merely pretext to mask the discriminatory actions by demonstrating that the employer's proffered reasons contain implausibilities, inconsistencies, incoherencies and/ or contradictions. <u>Keen v. Reg'l Emergency Med. Services of Georgia, Inc.</u>, 7:11-CV-106 HL, 2012 WL 4888419 (M.D. Ga. Oct. 15, 2012).**

    **<u>Defendant:</u>   Plaintiff has the burden of proof and has the opening and closing arguments to the jury.**

    15.   Under this paragraph, both plaintiff(s) and defendant(s) should separately list the witnesses whom each <u>will</u> have present at the trial and those whom each <u>may</u> have present at the trial. Witnesses intended to be used solely for impeachment shall be listed; however, if a party has a genuine reason for not listing and disclosing an impeachment witness, such party may address the Court *ex parte* and seek a ruling as to whether disclosure may be properly withheld. A representation that a party <u>will</u> have a witness present may be relied on by the opposing party unless notice to the contrary is given in sufficient time prior to trial to allow the opposing party to subpoena the witness or obtain his testimony. If a witness is not listed when the proposed pretrial order is filed, the Court will not allow the addition of a witness by any party, EXCEPT for providential or other good cause shown to the Court by application for amendment to this Order.

    **NOTE:**      **COUNSEL MUST SUBMIT TO THE COURTROOM DEPUTY CLERK <u>FOUR</u> COPIES OF THE TYPED WITNESS LIST PRIOR TO JURY SELECTION.**

**<u>Plaintiff</u> *will* have present at trial:**

    Francine Friedman

**<u>Plaintiff</u> *may* have present at trial:**

    1.  Rebecca Burton

    2.  Donald Manning, M.D.

    3.  Charles Li, M.D.

4.  Frank Shelp, M.D.

5.  Jameika Powers

6.  Vanessa Booker

7.  Tina Butler

8.  Greg Hoyt

9.  Wegman

10. John Prather

11. B.J.Walker

12. Davis Newton

13. B. White

14. Pat Pynes

15. Arnie Correa

**Defendant _will_ have present at trial:**

None.

**Defendant _may_ have present at trial:**

1.      Francine Friedman (for cross-examination)

2.      Rebecca Burton

3.      Donald Manning, M.D.

4.      Charles Li, M.D.

5.      Frank Shelp, M.D.

6.      Jameika Powers

7.      Tina Butler

8.      Greg Hoyt

9.      John Prather

10.     B. J. Walker

11.     David Newton

12.     Dee Brooks

13.     Tina Hunt

14.     Rosemary Calhoun

15.     Charles Ringling

16.     Cindy Reddish

17.     Deborah Aderhold

18.     Kenneth Bramlett

19.     Kelly Greg

20.     Beth Jones

21.     Blake Deason

22.     Antoinette Green

23.     Thomasina Coleman

24.     Rosa Waymon

25.     George Negron

27.     Frank Pechal

28.     John Prather

29.     M. E. Wegman

30.     Lori Riddle

31.     Kim Stacy

32.     Gwendolyn Skinner

33.     Gary Nagel

16.     All documents and physical evidence that may be tendered at the trial shall be exhibited to and initialed by opposing parties <u>prior to the pretrial conference</u>. All evidence shall be marked by the parties prior to the pretrial conference, and <u>the parties are encouraged to submit a joint exhibit list on a form supplied by the Clerk</u>. If separate exhibit lists are submitted, they shall be submitted on the forms supplied. Duplications of exhibits should be avoided to the extent practicable. Exhibit lists should be submitted to the Court at the pretrial conference. The material therein shall be identified as follows:

(a)     A list of documents and physical evidence submitted as joint exhibits.

(b)     Where separate lists are being submitted, a list of documents and physical evidence to be introduced by the plaintiff(s). Copies of such exhibits shall be provided to counsel for each other party.

Objections and reasons therefor shall be stated in writing and be filed five (5) days prior to the time of the pretrial conference. <u>Items not objected to will be admitted when tendered at trial</u>.

(c)     Where separate lists are being submitted, a list of documents and physical evidence to be introduced by the defendant(s). Copies of such exhibits shall be provided to counsel for each other party.

Objections and reasons therefor shall be stated in writing and be filed five (5) days prior to the time of the pretrial conference. <u>Items not objected to will be admitted when tendered at trial</u>.

(d)     Any document or other physical evidence listed by any party and not objected to, or to which objections have been overruled, may be received in evidence on offer by any other party, in the event the listing party does not actually offer it into evidence.

(e)     The foregoing shall not be deemed or construed to expand or limit the rules relating to the admissibility of evidence generally.

**The parties have agreed that they will submit to the Clerk, at the pretrial conference, a joint list of all documents and physical evidence that will be tendered at the trial. If the parties are unable to agree on a particular document or exhibit, they will provide lists, which will include any objections and reasons for such objection. Such objections and reasons shall**

be put in writing and filed with the Court five (5) days prior to the time of the pretrial conference.

All exhibits will be marked and initialed by opposing parties prior to the pretrial conference and will be listed on the appropriate forms supplied by the Clerk.  Each party reserves the right to introduce exhibits listed by the other party.

> **NOTE:**   **COUNSEL MUST SUBMIT TO THE COURTROOM DEPUTY CLERK FOUR COPIES OF THE TYPED EXHIBIT LIST PRIOR TO JURY SELECTION. All exhibits shall be cross-initialed by the attorneys for the parties and properly tagged as required by the Local Rules of this District. This cross-initialing procedure shall be completed when counsel meet to confer on the preparation of the pretrial order.**

17.     List all witnesses whose testimony by deposition will or may be offered by each party and the specific deposition pages and lines to be offered.  All objections by opposing parties to any portions of the deposition(s) shall be set forth with specific reference to the portion of the testimony objected to and the basis therefor.

**Plaintiff:**  Plaintiff reserves the right to depose and use the deposition of any witness who becomes unavailable for trial. The parties reserve the right to use deposition testimony for impeachment purposes. The parties agree that if a party opposes any portions of the deposition(s) offered by the other party, that opposing party shall set forth in his or her objection with specific reference to the portion of testimony objected to and the basis for his or her objection.

**Defendant:**     The plaintiff's deposition testimony may be used for impeachment. Defendant reserves the right to depose and use the deposition of any witness who becomes unavailable for trial. Defendant objects to the introduction of testimony by way of deposition of any witness who is subject to the subpoena power of this Court.

(a)     Prior to trial, counsel shall confer to eliminate all extraneous, redundant, and unnecessary matter, lapses, and colloquy between counsel in the deposition excerpts. Counsel shall also attempt to resolve all objections to deposition testimony to be offered.

**If any witness is unavailable for trial, the parties agree to confer to eliminate all extraneous, redundant, and unnecessary matter, lapses, and colloquy between counsel in the deposition excerpts.   Counsel shall also attempt to resolve all objections to deposition testimony to be offered.**

(b)     The parties shall, if practicable, conform deposition exhibit numbers in trial questions and testimony to the numbers of trial exhibits.

**The parties agree that they shall, if practicable, conform deposition exhibit numbers in trial questions and testimony to the numbers of trial exhibits**

18.     Each party shall separately provide a memorandum of authorities as to any questions of law likely to arise at the trial, including the merits of plaintiff(s)' claim, defenses asserted, matters of evidence, etc.

**This rule will be complied with.**

19.     Plaintiff's counsel estimates three (3) days to present plaintiff's case; defendant's counsel estimates one to one and a half (1 - 1 ½) days to present the defense.

20.     Plaintiff(s) has offered to settle and is prepared to engage in settlement discussions.

Defendant has not offered to settle.

It appears at this time that there is

\_\_\_\_ A good possibility of settlement.
  X   Some possibility of settlement.
\_\_\_\_ No possibility of settlement.

The parties do wish to confer with the Court regarding settlement.

21.  State any other matters which should be covered by pretrial order, including rulings desired of the Court prior to trial.

**The parties are not aware, at this time, of any matters that should be covered by pretrial order, including rulings desired of the Court prior to trial.**

22.     State whether or not the issues of liability and damages should be tried separately (bifurcated) and give any other suggestion toward shortening the trial.  Where bifurcation is opposed by any party, such party shall state the reasons for such opposition.

**The parties do not believe that bifurcation is necessary.**

23.     In cases where either party requests bifurcation of issues or a special verdict, submit a copy of the proposed verdict as PLAINTIFF'S ATTACHMENT "C" and/or DEFENDANT'S ATTACHMENT "C" hereto.  Lead counsel are to discuss and agree on such special verdict where possible.  Where agreement is not reached, state the basis for any objections to the special verdict request.

24.     In non-jury cases, the parties shall each file the original and two (2) copies of their proposed findings of fact, summary of depositions, and conclusions of law not later than one week prior to the assigned trial date.

**This case involves a trial by jury.**

25.     The final proposed pretrial order shall be signed by counsel for each party and shall contain a final paragraph, as follows:

/s/ Gwendolyn Fortson Waring
Gwendolyn Fortson Waring
Georgia Bar Number: 270110
**Attorney for Plaintiff**
221 West 31st Street
Savannah, GA 31401
(912) 447-5590
(912) 238-0207 FAX

/s/ G. Todd Carter
G. Todd Carter
Georgia Bar Number: 113601
**Attorney for Defendant**
BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667 FAX

**IT IS HEREBY ORDERED that the foregoing constitutes a PRETRIAL ORDER in the above case(s), that it supersedes the pleadings which are hereby amended to conform hereto and that this PRETRIAL ORDER shall not be amended except by ORDER OF THE COURT.**

This ___ day of _____, 2013.

_____
Honorable William T. Moore, Jr., Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FRANCINE FRIEDMAN,              *
                                  *

      Plaintiff                *
                                  *

      v.                        * Case Number: 4:10-CV-113-WTM-GRS
                                  *

GEORGIA DEPARTMENT OF       *
BEHAVIORAL HEALTH AND       *
DEVELOPMENTAL DISABILITIES,  *
                                  *

      Defendant             *

**Attachment "A"**
**JOINT STIPULATION OF FACTS**

1.     The Plaintiff is a Jewish female.

2.     Dr. Francine Friedman  is a resident of Chatham County, Georgia.

3.     Francine Friedman is a licensed medical doctor.

4.     Dr. Francine Friedman's  employment was terminated  on May 28, 2009.

     Respectfully submitted this _____ day of _____, 2013.

                              /s/Gwendolyn Fortson Waring____
                              Gwendolyn Fortson Waring
                              Georgia Bar Number:  270110
                              221 W. 31st Street
                              Savannah, GA 31401
                              (912) 477-5590
                              (912) 238-0207 FAX
                              gfwaring@aol.com

                              **ATTORNEY FOR PLAINTIFF**

/s/ G. Todd Carter
G. Todd Carter
Georgia Bar Number: 113601
5 Glynn Avenue
Post Office Box 220\
Brunswick, GA 31521
(912) 264-8544
(912) 264-3667 Fax
tcarter@brbcsw.com

**ATTORNEY FOR DEFENDANT**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FRANCINE FRIEDMAN,                    *
                                      *
        Plaintiff                     *
                                      *
        v.                            * Case Number: 4:10-CV-113-WTM-GRS
                                      *
GEORGIA DEPARTMENT OF                 *
BEHAVIORAL HEALTH AND                 *
DEVELOPMENTAL DISABILITIES,           *
                                      *
        Defendant                     *

**ATTACHMENT B-1**
**PLAINTIFF'S VOIR DIRE**

The Plaintiff in this case is FRANCINE FRIEDMAN.  The Defendant is Georgia Department of Behavioral Health and Developmental Disabilities.  In her complaint, Plaintiff alleges that Georgia Department of Behavioral Health and Developmental Disabilities retaliated  against her because she complained about religious slurs by demoting her and then terminating her employment, in violation of Title VII of the Civil Rights Act.

The Plaintiff is represented by Gwendolyn Fortson Waring, of the Waring Law Firm, LLC. The Defendant is represented by G. Todd Carter, of the firm of Brown, Rederick, Bumgartner, Carter, Strickland & Watkins, LLP.

1.      Do any of you have any knowledge of this case?

2.      Have any of you, your family members or close friends ever used or worked for the Georgia Department of Behavioral Health and Developmental Disabilities?

3.      Do you have strong feelings about the Georgia Department of Behavioral Health and Developmental Disabilities or the state government in general, positive or negative, that might influence your ability to sit as a juror?

4.      Do you know any of the parties, attorneys, or witnesses [read witness list] in this case?

5.      Have you had any legal training or experience, or worked for a lawyer or a law firm?

6.      Have you had any experience with judges, lawyers, or the courts that would affect your ability to hear this case fairly?

        a.   If so, what were those experiences?

        b.   Would any of those experiences influence your ability to decide this case fairly?

7.      Have any of you, your family members, or close friends ever worked in personnel, human resources, or equal employment opportunity?

        a.   If so, would any experiences you have had (or any experiences that those close to you have had) influence your ability to decide this case fairly?

8.      Are you or a close family member currently employed or seeking employment with Georgia Department of Behavioral Health and Developmental Disabilities, the Waring Law Firm, LLC or the firm of Brown, Rederick, Bumgartner, Carter, Strickland & Watkins, LLP.

9.      Have you ever had any experience with or been exposed to any publicity about the Georgia Department of Behavioral Health and Developmental Disabilities?

        a.   If so, what was that experience or publicity?

      b.   Did the publicity leave you with either a particularly positive or particularly negative impression of Georgia Department of Behavioral Health and Developmental Disabilities?

10.    Do you have any relatives or friends who ae familiar with the field of medicine?

11.    Do you identify yourself by a religious group, or consider yourself a member of a religious group?

12.    Is there any reason why you might feel uncomfortable if you are selected to sit as a juror in an employment discrimination case that involves claims of religious discrimination?

      a.   If so, what is it about a case of this sort that might make you uncomfortable?

13.    Have you or anyone close to you either made an accusation of discrimination or been accused of discrimination or been involved as a witness in any proceedings involving an accusation of discrimination?

      a.   If so, do you think that the experience might influence you if you are selected to be a juror in this case?

14.    Have you or anyone close to you either made a claim of religious discrimination or been accused of discrimination or been involved as a witness in any proceeding involving an accusation of discrimination?

      a.   If so, do you think that that experience might influence you if you are selected to be a juror in this case?

15.    Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to demote or retaliate against an employee for complaining about religious slurs.  Is there anything about your own life experience that would bias you either for or against an employer that is accused of

retaliating against an employee?  Is there anything about your own life experiences that would bias you either for or against an employee who makes an accusation of retaliation?

16.     Have any of you ever had to make management decisions such as determining whether to demote, or abolish an employee's position, interview and employee for employment or to select an employee for employment?

      a.   If so, is there anything about that experience that might hinder you in any way in being fair and impartial when evaluating management decisions?

17.     Have you ever been removed from a job or suffered an adverse employment action for reasons you believed were discriminatory or retaliatory?

      a.   If so, is there anything about that experience that might hinder you in any way in being fair and impartial when evaluating whether an employment action was the result of retaliation?

18.     Is there any reason I have not asked you about that would lead you to feel that you could not be a fair and impartial juror for both sides in this case?

19.     This case is expected to last 3-4 days.  Would any of you, because of the length of this trial, find it an undue burden to serve as a juror in this case and give your full time and attention to it?

20.     Do you have any problem that might interfere with your ability to hear the testimony of the witnesses in this case?

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FRANCINE FRIEDMAN,                    *
                                      *
    Plaintiff                    *
                                      *
    v.                           *  Case Number: 4:10-CV-113-WTM-GRS
                                      *
GEORGIA DEPARTMENT OF                 *
BEHAVIORAL HEALTH AND                 *
DEVELOPMENTAL DISABILITIES,           *
                                      *
    Defendant                    *

**ATTACHMENT B-2**
**DEFENDANT'S VOIR DIRE**

1.    Do any of you have any knowledge of this case?

2.    Have any of you, your family members or close friends ever used or worked for the Georgia Department of Behavioral Health and Developmental Disabilities?

3.    Do you have strong feelings about the Georgia Department of Behavioral Health and Developmental Disabilities or the state government in general, positive or negative, that might influence your ability to sit as a juror?

4.    Do you know any of the parties, attorneys, or witnesses (read witness list) in this case?

5.    Have you had any legal training or experience, or worked for a lawyer or a law firm?

6.    Have you had any experiences with judges, lawyers, or the courts that would affect your ability to hear this case fairly?

    a.    If so, what were those experiences?

       b.      Would any of those experiences influence your ability to decide this case fairly?

7.      Have any of you, your family members, or close friends ever worked in personnel, human resources, or equal employment opportunity?

       a.      If so, would any experiences you have had (or any experiences that those close to you have had) influence your ability to decide this case fairly?

8.      Are you or a close family member currently employed by or seeking employment with the Georgia Department of Behavioral Health and Developmental Disabilities, the Law Offices of Gwendolyn Fortson Waring or the law firm of Brown, Readdick, Bumgartner, Carter, Strickland & Watkins, LLP?

9.      Have you ever had any experience with or been exposed to any publicity about the Georgia Department of Behavioral Health and Developmental Disabilities

       a.      If so, what was that experience or publicity?

       b.      Did the publicity leave you with either a particularly positive or particularly negative impression of the Georgia Department of Behavioral Health and Developmental Disabilities?

10.      Is there any reason why you might feel uncomfortable if you are selected to sit as a juror in an employment discrimination case that involves claims of retaliation?

       a.      If so, what is it about a case of this sort that might make you uncomfortable?

11.      Have you or anyone close to you either made an accusation of discrimination or been accused of discrimination or been involved as a witness in any proceeding involving an accusation of discrimination?

      a.     If so, do you think that the experience might influence you if you are selected to be a juror in this case?

12.        12.     Have any of you eve been self-employed, owned your own business, or been responsible for the running of a business?

      a.     If so, do you think that that experience might influence you if you are selected to be a juror in this case?

13.     Is there anything about your own life experiences that would bias you either for or against an employer that is accused of discriminating against an employee? Is there anything about your own life experiences that would bias you either for or against an employee who makes an accusation of discrimination?

14.     Have any of you ever had to make management decisions such as determining whether to interview an employee for employment or to select an employee for employment?

      a.     If so, is there anything about that experience that might hinder you in any way in being fair and impartial when evaluating management decisions?

15.     Do you have any problem that might interfere with your ability to hear the testimony of the witnesses in this case?

16.     Have you or anyone in your immediate family ever made a claim against anyone for money damages, whether or not that claim resulted in a lawsuit?  If so, please give the details.

17.     Has anyone ever made a claim against you or any member of your family seeking damages?  If so, please give the details.

18.     Is there any reason I have not asked you about that would lead you to feel that you could not be a fair and impartial juror for both sides in this case?

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FRANCINE FRIEDMAN,                          *
                                            *
        Plaintiff                           *
                                            *
        v.                                  *  Case Number: 4:10-CV-113-WTM-GRS
                                            *
GEORGIA DEPARTMENT OF                        *
BEHAVIORAL HEALTH AND                        *
DEVELOPMENTAL DISABILITIES,                  *
                                            *
        Defendant                           *

**ATTACHMENT C-1**
**PLAINTIFF'S PROPOSED VERDICT FORM**

**Members of the jury, your verdict in this case must consist of your unanimous answers to the questions below:**

**Do you find from a preponderance of the evidence:**

1.      That Dr. Francine Friedman has proved by a preponderance of the evidence that the agents for the Georgia Department of Behavioral Health and Developmental Disabilities retaliated against her?

        Answer:        _____ Yes        _____ No

2.      That Dr. Francine Friedman has proved by a preponderance of the evidence that retaliation was a substantial or motivating factor that prompted agents of Defendant of the Georgia Department of Behavioral Health and Developmental Disabilities to demote her ?

        Answer:        _____ Yes        _____ No

3.      That Dr. Francine Friedman has proved by a preponderance of the evidence that retaliation  was a  substantial or motivating factor that prompted the agents of Defendant of the Georgia Department of Behavioral Health and Developmental Disabilities to terminate her employment?

Answer:         ____ Yes        ____ No

**[Note:        If your answer was "Yes" to any one or more of the questions numbered 2 through 3, please answer each of the following questions.]**

4.      That Dr. Francine Friedman has proven by preponderance of the evidence that she should be awarded compensatory damages to compensate her fully and completely for the net loss of wages and benefits to the date of trial that she suffered?

Answer:         ____ Yes        ____ No

5.      That the Defendant acted with malice or reckless indifference to Dr. Francine Friedman's federally protected rights?

Answer:         ____ Yes        ____ No

6.      What sum of money do you find would reasonably compensate Dr. Francine Friedman for the compensatory damages she suffered as a result of Defendant's retaliation?

$_____

This is our unanimous verdict.

**SO SAY WE ALL**


_____              _____
       **DATE**                                    **FOREPERSON'S SIGNATURE**

-26-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FRANCINE FRIEDMAN,                    *
                                      *
        Plaintiff                     *
                                      *
        v.                            * Case Number: 4:10-CV-113-WTM-GRS
                                      *
GEORGIA DEPARTMENT OF                 *
BEHAVIORAL HEALTH AND                 *
DEVELOPMENTAL DISABILITIES,           *
                                      *
        Defendant                     *

**ATTACHMENT C-2**
**DEFENDANT'S PROPOSED VERDICT FORM**

QUESTION # 1

(a)     Do you find by a preponderance of the evidence that the defendant demoted the plaintiff because she engaged in a statutorily protected activity by reporting claims of religious harassment and/or gender discrimination?

        Answer Yes or No          _____

(b)     Do you find by a preponderance of the evidence that the defendant terminated the plaintiff because she engaged in a statutorily protected activity by reporting claims of religious harassment and/or gender discrimination?

        Answer Yes or No          _____

                NOTE:       IF YOU ANSWERED NO TO QUESTION #1(a), AND 1(b), YOU NEED NOT ANSWER THE REMAINING PARTS OF QUESTION #1.

(c)     Do you find by a preponderance of the evidence both that the plaintiff reported the claims of religious harassment and/or gender discrimination in good faith and that the claims were objectively reasonable?

-27-

Answer Yes of No          _____

> NOTE:        IF YOU ANSWERED NO TO QUESTION #1(c), YOU
>              NEED NOT ANSWER THE REMAINING PARTS OF
>              QUESTION #1.

(d)      Do you find by a preponderance of the evidence that the defendant would have
         demoted or terminated the plaintiff for other reasons even in the absence of
         plaintiff engaging in the statutorily protected activity?

Answer Yes or No          _____

> NOTE:        IF YOU ANSWERED YES TO QUESTION #1(d), YOU
>              NEED NOT ANSWER QUESTION #1(e).

(e)      Do you find by a preponderance of the evidence that the plaintiff should be
         awarded damages to compensate for a net loss of wages and benefits to the date
         of trial?

Answer Yes or No          _____

If you answer if Yes,
in what amount?          $_____

**SO SAY WE ALL.**

_____
**Foreperson signature**


_____
**Date**